1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RICHARD D. CASITY,                         Case No.  2:22-cv-02181-JDP (PC)

12                  Plaintiff,                   ORDER GRANTING PLAINTIFF'S
                                                 APPLICATION TO PROCEED *IN FORMA*
13            v.                                 *PAUPERIS*

14   TODD RIEBE, *et al.*,                       ECF No. 6

15                  Defendants.                  SCREENING ORDER THAT PLAINTIFF:

16                                                   (1) FILE AN AMENDED
                                                     COMPLAINT; OR
17
                                                     (2) STAND BY HIS COMPLAINT
18                                                   SUBJECT TO A
                                                     RECOMMENDATION THAT IT BE
19                                                   DISMISSED

20                                               ECF No. 1

21                                               THIRTY-DAY DEADLINE

22        Plaintiff Richard Casity is a state inmate proceeding without counsel in this civil rights

23   action brought under 42 U.S.C. § 1983.  In his complaint, he alleges that defendant district

24   attorney Todd Riebe had him arrested for threatening defendant Matthew Riebe, who is Todd

25   Riebe's son and plaintiff's son-in-law.  These allegations are not sufficient to state a claim.  I will

26

27

28

                                                 1

give plaintiff an opportunity to file an amended complaint, and I will grant his application to proceed *in forma pauperis*, ECF No. 6.[1]

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

---

[1] Plaintiff initially filed an application to proceed *in forma* pauperis, which did not include the trust account statement from the jail. ECF No. 2. He subsequently filed a new application that includes his trust account statement. ECF No. 6. Since I am granting plaintiff's completed application, ECF No. 6, I will deny the initial application, ECF No. 2, as unnecessary.

**Analysis**

Plaintiff alleges that defendant district attorney Todd Riebe had him arrested for threatening defendant Matthew Riebe, who is Todd's son and plaintiff's son-in-law.[2] ECF No.1 at 3-4.  Plaintiff claims that he sought to have his criminal case moved to a different county because of his relationship to Todd and because his daughter works as a clerk at the Amador County Courthouse, but a state court judge denied that request.  *Id.*

Plaintiff's complaint does not state a viable claim.  Defendant Todd is immune from this suit.  A prosecutor has absolute immunity from section 1983 liability for "initiating a prosecution and in presenting the State's case . . . ."  *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).  More importantly, plaintiff appears to be raising claims based on an ongoing state criminal prosecution.  Federal courts are barred from intervening in such prosecutions by *Younger v. Harris*, 401 U.S. 37, 45-46 (1971).  Defendant Matthew is not a proper defendant in this civil rights action as he is a private individual and plaintiff has not alleged that Matthew was acting as a state actor.  *West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."); *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) (noting that generally private parties are "not acting under color of state law" for purposes of § 1983).

I will grant him a chance to amend his complaint before recommending that this action be dismissed.  If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "First

---

[2] Since defendants share the same last name, I will refer to them by their first names to avoid confusion.

Amended Complaint" and refer to the appropriate case number.  If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 6, is granted.

2.  Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court he wishes stand by his current complaint.  If he selects the latter option, I will recommend that this action be dismissed.

3.  Failure to comply with this order may result in the dismissal of this action.

4.  The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:    April 5, 2023                          _____
                                                 JEREMY D. PETERSON
                                                 UNITED STATES MAGISTRATE JUDGE

4