UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD D. CASITY, | Case No. 2:22-cv-02181-JDP (PC) |
| Plaintiff, | |
| v. | ORDER |
| TODD RIEBE, *et al.*, | |
| Defendants. | |

Plaintiff Richard Casity is a state inmate proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. He alleges in his first amended complaint that his son-in-law, defendant Matthew Riebe, violated his constitutional rights. As stated in my previous screening order, plaintiff's claims are non-cognizable. I will grant him one final opportunity to amend his complaint.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

1

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that his son-in-law, defendant Matthew Riebe, used to sit on the Jackson City Council, but that he resigned in 2022 because he did not live within the city limits. ECF No. 13 at 3. Plaintiff additionally alleges that Riebe and his father, allegedly the District Attorney of Amador County, were "building a case against" plaintiff for domestic violence and abandonment. *Id.* Plaintiff states that he was arrested in July 2022 by Riebe's father and that Riebe falsely testified in a criminal proceeding that his cellphone did not work. *Id.*

The complaint fails to comply with federal pleading standards because it does not to set forth specific, factual allegations. *See Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level. . . ."). This complaint, like the last, is too vague and conclusory to state a claim and is devoid of any factual allegations that

would put defendant on notice of plaintiff's claims. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim.").

I will allow plaintiff a chance to amend his complaint before recommending that this action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. The Clerk's Office is directed to terminate defendant Todd Riebe.

2. Plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is denied as unnecessary.

3. Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court he wishes to stand by his current complaint. If he selects the latter option, I will recommend that this action be dismissed.

4. Failure to comply with this order will result in the dismissal of this action.

5. The Clerk of Court is directed to send plaintiff a new form complaint.

IT IS SO ORDERED.

Dated:   May 3, 2023                                      _____
                                                         JEREMY D. PETERSON
                                                         UNITED STATES MAGISTRATE JUDGE

3